JOSEPH NAGLER, Respondent, v. CORNELL UNIVERSITY, Appellant.

First Department, May 2, 1919.

Negligence — action by employee of window cleaning company against owner of building for injuries sustained from falling through skylight — pleading — sufficiency of complaint — allegations as to tilting of defective board.

A complaint, in an action by an employee of a window cleaning company, which alleges that the defendant had placed some loose boards over the skylight upon which the plaintiff was required to work; that by reason of the tilting of one of said boards the plaintiff fell through the skylight sustaining injuries; that the defendant was negligent, *first*, in not fastening the boards, and *second*, that the board which tilted was in a defective condition, but which does not allege that the tilting of the board caused the plaintiff to fall, does not state facts sufficient to show any liability on the part of the owner of the building, as it is not disclosed how the tilting of the board could have been caused by the defective condition thereof.

APPEAL by the defendant, Cornell University, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of January, 1919, granting plaintiff's motion for judgment on the pleadings, consisting of the amended complaint and a demurrer thereto.

*Oliver L. McCaskill* of counsel [*Mynderse Van Cleef* with him on the brief; *William Mann*, attorney], for the appellant.

*Hyman Dominitz*, for the respondent.

SMITH, J.:

The pleadings consist of the complaint and the demurrer, in which the sufficiency of the complaint is attacked. The plaintiff was the employee of the Arrow Window Cleaning Company. The defendant owned a building in connection with its university work upon the corner of Twenty-eighth street and First avenue in the city of New York. Over the operating room in the said premises was a skylight which the plaintiff was engaged in cleaning at the time of the accident.

The complaint alleges that the defendant had placed some loose boards over this skylight and upon which the plaintiff was required to stand; that by reason of the tilting of one of these boards the plaintiff fell through the skylight upon the floor of the operating room and received his injuries. The negligence which plaintiff claims to have existed was, *first,* in not fastening these boards upon this skylight, so that one of the boards could not have tilted and caused the plaintiff to fall, and, *second,* it is alleged that the board was in a defective, broken and weakened condition by reason of which the board was caused to tilt and caused the plaintiff to fall.

The natural inference from the allegations of the complaint is that these loose boards were furnished by the defendant for the assistance of the window cleaners in cleaning this skylight. The cleaner could not walk upon the skylight in cleaning the same towards the center, because the glass would not hold him. The boards could not have been securely fastened, because they were placed over the skylight itself, as alleged in the complaint and, as may be fairly inferred, were removed as the cleaners progressed in their work from the center of the skylight towards the edge. While it is alleged that the board was in a defective, broken and weakened condition, it is not alleged that the breaking of the board caused the plaintiff to fall, but the fact that the board tilted, and the allegations of the complaint do not disclose how the tilting of this board could have been caused by any weak or defective condition of the board itself. The complaint does not, therefore, state facts sufficient to show any liability on the part of the defendant, and the order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the plaintiff to serve an amended complaint upon payment of said costs.

CLARKE, P. J., LAUGHLIN, SHEARN and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to plaintiff to serve amended complaint upon payment of said costs.